IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                    CRIMINAL 07-156 (ADC)

[3] EMARC PACHECO-CORREA

Defendant.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.      Procedural Background**

On April 11, 2007, a grand jury returned a two-count indictment against Emarc Pacheco-Correa (hereinafter referred to as "defendant") and eleven (11) other individuals.  Docket 2.  On August 22, 2007, defendant filed a motion for change of plea.  Docket 130.

The defendant has agreed to plead guilty to count one of the indictment.  Count one charges that beginning in or about 2000, the exact date being unknown to the Grand Jury, and continuing up to and until return of the instant indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, defendant Emarc Pacheco-Correa along with other co-conspirators, did knowingly and intentionally combine, conspire, agree, and confederate with each other and with diverse other persons known and unknown to the grand jury,  to commit and offense against the United States, that is, to knowingly and intentionally possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II Narcotic Drug Controlled Substance within one thousand (1,000) feet of the real property comprising  a housing facility owned by a public housing authority, that is, the Pedro Rosario Nieves Housing Public Project or a public elementary school, all in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(iii), 846 and 860.

2

## II.    Consent to Proceed Before a Magistrate Judge

On September 4, 2007, while assisted by attorneys Johnny Rivera, Esq., and Luis Lugo-Emmanuelli, Esq., the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to count one of the indictment.

In open court the defendant was questioned as to the purpose of the hearing being held and was advised of:  (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge.  The defendant was also explained the differences between the appointment and functions of the two.  The defendant consented to proceed before the undersigned magistrate judge.

## III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

### A.    Rule 11(c)(1) Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'"  United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.  United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, defendant was explained and he understood that if convicted on count one he will face twice the following maximum penalties: a term of imprisonment of not less than ten (10) years or not more than life, a fine not to exceed four million dollars ($4,000,000.00), and a term of supervised release of at least five (5) years.[1]  Defendant was also made aware that the court

---

[1]    The maximum penalties are twice those applicable under 21 U.S.C. §841 because the defendant has also been charged un Section 860 of Title 21 of the United States Code.  Although the plea agreement indicates that the defendant is not pleading guilty to "Section 860's enhancement" and that the parties have stipulated an amount of drugs lower than the quantity charged in count one of the indictment , the defendant was warned, and he understood, that the court is not bound by

3

must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

The defendant acknowledged that at this stage no guarantees or promises as to the sentence to be imposed had been made to him. The defendant was also explained what the supervised release term means and was urged to cooperate with the United States Probation Office.

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.   To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving him guilt beyond a reasonable doubt.

2.   To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3.   To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.   To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5.   To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

---

any stipulation or recommendation of the plea agreement and that the maximum statutory penalties are those mentioned above.

4

### C.  Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty.  Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment.  He was also explained that parole has been abolished.

### D.  Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record.  Defendant was clearly warned and recognized having understood that:

1.    The plea agreement is not binding upon the sentencing court.

2.    The plea agreement is an agreement between the defendant, defense counsel and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3.    The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4.    In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the maximum possible penalty prescribed by statute.

Defendant acknowledged having understood this explanation.

5

**E.  Government's Evidence (Basis in Fact)**

The government presented a proffer of its evidence as stated in the version of facts of the plea agreement with which the defendant concurred.  The prosecutor clarified that the portion of the version of facts that states that "these transaction did not take place within 1,000 feet from the Pedro Rosario Public Housing Project" refers to two drug transactions in which the defendant sold drugs to a confidential informant.  Defendant furthermore admitted that he engaged in the offense charged knowingly and intentionally, that is not by accident or mistake, but rather fully aware of what he was doing.  Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offense charged.

**F.  Voluntariness**

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.  He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which would have been proven had the case proceeded to trial.

**IV.   Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the  indictment.  After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant Emarc Pacheco-Correa is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.

Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment.

6

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

At San Juan, Puerto Rico, this 5th day of September, 2007.

s/Marcos E. López
MARCOS E. LOPEZ
UNITED STATES MAGISTRATE JUDGE